UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 20 2007 ★
PM
TIME A.M.

------------------------------------------------------------x
ENID ASHBY,

                Plaintiff,

       -against-

GILBERT POLINSKY, ESQ., as Referee, 16 Court
Street, Suite 2408, Brooklyn, N.Y. 11241-1024;
MORICI & MORICI, ESQS., 1399 Franklin
Avenue, Garden City, N.Y. 11530, as counsel for
Lasalle National Bank, as Trustee under Pooling
and Servicing Agreement Dated November 1st 1998,
Series 1998-1; JOHN DOE, Clerk of Supreme
Court, 360 Adams Street, Brooklyn, New York,
11201; DAWN CARPENTER, ESQ., Steven J.
Baum, P.C., 220 Northpointe Parkway, Suite G,
Amherst, New York 14228; J.A. SORICELLI,
Vice President; Jeffrey A. Kosterich & Associates,
P.C., 733 Yonkers Avenue, New York, N.Y. 10704,:

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
06-CV- 6778 (DLI)

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Enid Ashby, appearing *pro se*, brings this action to challenge, for the fourth time, the foreclosure of real property located at 373 East 51st Street in Kings County. Plaintiff paid the filing fee to commence this action. The complaint is dismissed for lack of subject matter jurisdiction.

### Background

This plaintiff's fourth action in this court challenging the foreclosure and sale of the real property located at 373 East 51st Street (the "property") entered by the New York Supreme Court, Kings County under Index No. 34856/00. The first action, a complaint and order to show cause,

filed by plaintiff, Sean Ashby and Reginald Ashby against Lasalle National Bank was dismissed by this court for lack of subject matter jurisdiction. *Ashby v. Lasalle National Bank,* 05-CV-1370 (DLI) ("courts in this Circuit has consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine") (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983) and listing cases decided by the district courts within this Circuit).

Plaintiff's second action, also a complaint and order to show cause filed by plaintiff, Sean Ashby and Reginald Ashby, was likewise dismissed for lack of subject matter jurisdiction on July 18, 2005. *See Ashby v. Lasalle National Bank et al.,* 05-CV-3272 (DLI). However, in light of plaintiff's *pro se* status, the court granted plaintiffs leave to replead. Plaintiffs failed to replead and instead, filed a third action by order to show cause seeking to enjoin the eviction from the property. *See Ashby v. Lasalle National Bank et al.,* 05 CV-3509 (DLI). The order to show cause was denied by order dated July 28, 2005 without prejudice to the filing of a bankruptcy appeal, and the plaintiffs were warned that "the further filing of challenges to these foreclosure and eviction proceedings in this court may result in the issuance of an order barring the acceptance of future complaints without first obtaining leave of court to do so." Order dated July 28, 2005 at 2 (citing 28 U.S.C. § 1651).

Plaintiff now files this fourth action challenging the same judgment and foreclosure of the property. This time she is the sole plaintiff and she has named the attorneys and an officer of the foreclosing bank, a state court referee and a state court clerk.

### Discussion

In the face of the court's dismissal of their previous challenges to the foreclosure, plaintiff

2

has retooled her complaint as one brought pursuant to 42 U.S.C. § 1983[1] alleging Due Process violations. This action is likewise barred under *Rooker-Feldman* for lack of subject matter jurisdiction. This case is "brought by [a] state-court loser[] complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280 (2005). While there has been much discussion over the limits of the *Rooker-Feldman* doctrine in the approximately two years since plaintiff began filing these repetitious actions, the Supreme Court has held this is precisely the type of case to which the *Rooker-Feldman* doctrine applies. *Id.*

In *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005), the Second Circuit set out the four requirements of the *Rooker-Feldman* doctrine in light of *Exxon*: (1) "the federal court plaintiff must have lost in state court"; (2) "plaintiff must complain of injuries caused by a state-court judgment"; (3) "plaintiff must invite district court review and rejection of that judgment"; and (4) the "state court judgment must have been rendered before the district court proceedings commenced." 422 F.3d at 85 (internal quotations omitted). Plaintiff's complaint satisfies all four factors for the application of the *Rooker-Feldman* doctrine: (1) plaintiff lost in state court; the judgment of foreclosure and sale was entered February 19, 2003 and the sale occurred November 13, 2003; (2) she complains of the injury caused by the state court order; (3) the state court determinations in question were rendered before this action was commenced; and (4) plaintiff seeks a declaration that the state court's judgment is unconstitutional and void. Accordingly, this

---

[1] Even if the court had subject matter over this action, the action would not succeed as plaintiff has named court officers, who would likely be immune from a 42 U.S.C. § 1983 action and attorneys and bank officers, who, as private parties, are not proper parties to a 42 U.S.C. § 1983 claim.

court lacks subject matter jurisdiction to hear this claim.

## Conclusion

The complaint is dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Fed. R. Civ. P. 12(h)(3). Plaintiff has not heeded the court's warning that the further filing of challenges in this court to the foreclosure and eviction proceedings in connection with the property at 373 East 51st Street in Kings County could result in the issuance of an order barring the acceptance of future complaints based on the acts complained of in this litigation without first obtaining leave of court to do so. The court seeks to bar future relitigation of these issues because the plaintiff has demonstrated a history of vexatious litigation, she lacks an objective good faith expectation of prevailing, and an injunction is necessary to protect other parties and the courts. *See Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528-29 (2d Cir. 2005). Accordingly, plaintiff is hereby directed to show cause, by written affirmation, within thirty (30) days of the date of this order why the court should not bar the acceptance of any future complaints regarding the property at 373 East 51st Street in Kings County for filing without leave of the court. 28 U.S.C. § 1651. If plaintiff fails to show cause within the time allotted, she shall be barred from filing any future complaint based on the acts complained of in this litigation in this court without prior leave of the court. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DATED: Brooklyn, New York
February 16, 2007

S/Dora L. Irizarry,USDJ

DORA L. IRIZARRY
United States District Judge